IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MARC DAMON REESE,**

    **Plaintiff,**

**v.**                                                               **Civil Action No. 3:06-CV-46**
                                                                    **(Judge Bailey)**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 21] dated July 2, 2007, and the petitioners corresponding objections [Doc. 22] filed on July 16, 2007. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed finding and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano,** 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation [Doc. 21]** should be, and is, hereby **ORDERED ADOPTED**.

On May 12, 2006, the plaintiff filed his Complaint [Doc. 1] seeking judicial review of

a decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). By standing order of the Court, this case was referred to the United States Magistrate Judge John S. Kaull for proposed findings of fact and a recommended disposition. Thereafter, the parties filed their respective motions for summary judgment [Docs. 14 & 16]. In support of his motion, the claimant contends that the decision of the Administrate Law Judge ("ALJ") was not supported by substantial evidence. Specifically, the claimant contends that Appeals Council erred in failing to explicitly evaluate and weigh a post-decision neuropsychological evaluation dated March 29, 2006, prepared by Mark W. Haut, Ph.D., in declining to grant plaintiff's request for review. Further, the claimant contends that when the record is supplemented with this neuropsychological evaluation, the decision of the ALJ is not supported by substantial evidence. Mr. Reese also argued that the ALJ's decision was inconsistent in that he found that Mr. Reese suffered from a number of "severe" mental impairments, but did not indicate that he was limited with regard to his ability to perform basic mental work activities.

After review of the above, Magistrate Judge Kaull concluded in his R & R that the decision of the Appeals Council to consider the additional evidence, without specifying the weight accorded to such evidence, did not contravene the law of this Circuit. In addition, Magistrate Judge Kaull found that, after evaluating the record as a whole, the decision of the ALJ was in fact supported by substantial evidence.

On July 16, 2007, the claimant filed his objections to the Report and Recommendation [Doc. 22]. There, claimant objects to the findings of the Magistrate Judge that the Appeals Council did not err because, plaintiff argues, since the ALJ found that he had "severe" mental impairments at the second step of the evaluation process, the

ALJ's residual functional capacity assessment was automatically deficient because it did not include a limitation that the plaintiff was significantly limited in a basic work activity such as understanding, carrying out, and remembering simple instructions, responding appropriately to supervision, co-workers and usual work situations, or dealing with changes in a routine work setting.  Plaintiff's second objection argued that the Appeals Council did not specifically explain its determination that the neuropsychological examination obtained after the plaintiff had received the ALJ's decision that he was not disabled did not provide a basis for changing the ALJ's decision and, therefore, that his case should be remanded.

As an initial matter, the Court notes that, pursuant to 20 C.F.R. § 404.970(b), the Appeals Council is required to evaluate the entire record in deciding whether to grant review where the claimant submits new and material evidence relating to the period on or before the date of the ALJ's decision.  Under such circumstances, the Appeals Council will only grant review if, "it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently in the record.  20 C.F.R. § 404.970(b).

Because the post-decision neuropsychological evaluation was not material within the meaning of 20 C.F.R. § 404.970(b), the Court finds that the Appeals council did not error in failing to "discuss with particularity the weight and effect of the functional capacity evaluation."  As noted above, the Appeals Council has a duty to consider new and material evidence relating to the period on or before the date of the ALJ's decision.  Under, Fourth Circuit law, "[e]vidence is material if there is a reasonably possibility that the new evidence would have changed the outcome."  ***Wilkins v. Sec'y, Dep't of Health & Human Servs.***, 953 F.2d 93, 94 (4th Cir. 1991).   As such, the Court finds that given the opinions of the

consulting physicians indicating that the claimant retains the ability to work, and after this Court's review of the same, it becomes apparent that there is no reasonable possibility that the new evidence would have changed the outcome. Therefore, the Court concludes that the neuropsychological evaluation is not material within the meaning of 20 C.F.R. § 404.970(b).

In the alternative, even if the post-decision neuropsychological evaluation could be considered material, the Appeals Council did not err because the evidence was considered and because there is no duty to specifically articulate the assessment of the new evidence when refusing to grant review. Initially, it should be noted that the Appeals Council did list the post-decision neuropsychological evaluation as a material considered in that action. Accordingly, the Court finds that the Appeals Council did in fact consider the post-decision neuropsychological evaluation. However, claimant contends that pursuant to ***Myers v. Califano,*** 611 F.2d 980 (4th Cir. 1980), the failure of the Appeals Council to explicitly make findings on, and to indicate the weight afforded to, new evidence is reversible error. ***Id.*** at 983.

While cognizant of the Fourth Circuit's directive in ***Myers,*** this Court is not prepared to ignore the substantial body of more recent case law within this Circuit, finding that, "[t]he Appeals Council is not obligated to supply reasons for refusing to grant review under § 404.970, even if a claimant has submitted new evidence. ***Davis v. Barnhart,*** 392 F. Supp. 2d 747, 751 (W.D. Va. 2005) (citing ***Freeman v. Halter,*** Fed. Appx. 87, 89 (4th Cir. 2001) (unpublished opinion) (stating that, "the regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding additional evidence insufficient to change the ALJ's decision")); ***Hollar v. Commissioner,*** 194 F.3d 1304 (4th

Cir. 1999) (unpublished opinion); ***Riley v. Apfel,*** 88 F. Supp. 2d 572, 580 (W.D. Va. 2000); ***Ridings v. Apfel***, 76 F. Supp. 2d 707, 709 (W.D. Va. 1999). In recognition of the above, the Court concurs with the finding of the Magistrate Judge that, where the Appeals council incorporates new evidence into the record but does not make specific findings, the reviewing court should simply weigh all the evidence on the record to determine if substantial evidence exists. See ***King v. Barnhart,*** 415 F. Supp. 607 (E.D. NC 2005). Accordingly, the Court finds no error in the failure of the Appeals Council to explicitly make findings on, and to indicate the weight afforded to, the post-decision neuropsychological evaluation.

As a final matter, the Court concurs with the finding of the Magistrate Judge that, based on the entire record, the decision of the ALJ is supported by substantial evidence. "Substantial" evidence is defined as such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. While substantial evidence consists of more than a mere scintilla of evidence, somewhat less than a preponderance of evidence may suffice. ***Craig v. Chater,*** 76 F.3d 585, 589. In considering the facts of this case, the Court finds the ALJ's decision to be supported by substantial evidence. Initially, the opinions of the claimant's consulting physicians support the finding that the claimant retains the ability to work. Specifically, claimant's physical residual functional capacity assessments confirm that he had the ability to perform light work that afforded an opportunity for brief change of physical position at least every 30 minutes; requires no more than occasional balancing, kneeling stooping or climbing of scaffolds; entails no temperature extremes or workplace hazards, dangerous moving machinery or unprotected heights; entails no complex or detailed instructions; requires no close concentration or attention to detail for extended

periods; and accommodates up to one unscheduled workday absence per month. Moreover, claimants daily activities support the finding of Magistrate Judge that the decision of the ALJ was supported by substantial evidence. Specifically, the Court finds that claimant's stated abilities are inconsistent with the degree of disability alleged.

For the foregoing reasons and those more fully stated in the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 21], the Court **ORDERS** as follows:

1. That the **Report and Recommendation of the Magistrate Judge [Doc. 21]** is **ADOPTED**;

2. That **Plaintiff's Motion for Summary Judgment [Doc. 14]** is **DENIED**;

3. That **Defendant's Motion for Summary Judgment [Doc. 16]** is **GRANTED**; and,

4. That this action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to all counsel of record.

**DATED**: September 25, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE